CONTER, TREASURER *v*. STATE EX REL. BEREZNER ET AL.

[No. 26,718. Filed April 29, 1937.]

*George E. Hershman,* and *Samuel F. Sirois,* for appellant.

*Gilbert Gruenberg, Davis & Eichhorn,* and *Stanton & Stanton,* for appellees.

TREANOR, J.—This is an appeal from the judgment of Lake Superior Court, Room 3, in an action of mandate by the State of Indiana on the relation of Fred and Anna Berezner to compel appellant Louis F. Conter, Treasurer of Lake County to accept a Barrett Law Bond and Coupon held by Fred and Anna Berezner in payment of installments of special assessments due against the real estate of said Fred and Anna Berezner.

The error relied upon for reversal is "that the court erred in overruling appellant's demurrer to relator's amended complaint."

The essentials of the complaint are as follows:

"Comes now the plaintiff and for cause of action against the above named defendant alleges and says:

That plaintiffs are residents of the City of Gary, Lake County, Indiana, and that on the 21st day of June, 1935, said plaintiffs were the owners of the following described real estate situated in said City and said County, to-wit:

Lots 35 and 36, in Block 4, in the Lake Shore Addition to the City of Gary.

Plaintiffs allege further that the defendant Herman L. Conter was the duly elected, qualified and acting treasurer of Lake County, Indiana, and was ex-officio treasurer of the City of Gary, Indiana, at the time the action herein was commenced.

Plaintiffs further aver that on the 21st day of May, 1928, the City of Gary, Indiana, contracted with one M. D. Heiny for the paving and improvement of Warren Street, Section 1, in said City of Gary. That the cost of said improvement was assessed against the various parcels of real estate benefited thereby. That the amount of the assessment against each of the two parcels of real estate described above owned by the plaintiff, for the year 1933, including principal and interest is in the sum of Twenty-five Dollars and Twenty-four cents ($25.24). That the total assessments against both of said parcels of real estate is the sum of Fifty Dollars and Forty Eight cents ($50.48).

Plaintiffs further aver that on the 21st day of June, 1935, they were the owners and still are the owners of one City of Gary improvement Bond, Series Number 2, Bond No. 5, in the sum of Five Hundred Dollars, issued by said City of Gary on the 30th day of August, 1930, due on the 1st day of June, 1933, payable out of funds collected, on account of the improvement for which said bond was issued. That the improvement for which said bond was issued was the paving and improving of Warren Street, as set forth above.

Plaintiffs allege that on said 21st day of June, 1935, they tendered to the defendant as treasurer of the City of Gary, Indiana, the said bond referred to above and demanded from said treasurer that he accept said bond, endorse thereon the total amount of the installment of assessment due against the said real estate for the year 1933,

credit on the proper books of his office the receipt of said amount, return said bond to the plaintiffs so endorsed and issue to plaintiffs a receipt for the payment of said installments. That defendant refused to accept said bond and refused to endorse thereon the amount of said installments as paid, and refused to deliver to plaintiffs, a receipt for the payment of said installments and refused to make an entry in the proper books of his said office showing said installments were paid.

. . .

"Plaintiffs allege further that by the terms of Section 2, of Chapter 317, p. 1532 of the Acts of 1935, it is provided that the officers whose duty it is to collect special assessments for improvements shall accept in payment of said assessment and installments, thereof, improvement bonds issued on account of the said improvement and falling due in the same year as the installment of the assessment shall fall due. That in the event said bond offered together with coupons attached, shall exceed the amount owing for said installment for which it is offered, said officer shall endorse on said bond the amount of said installment, return said bond to said property owner offering same, make an entry in the proper books of his office showing that said installment has been paid and issue to said property owner a receipt showing that said installment has been paid. That by reason of the failure and refusal of the defendant to do all of the above acts plaintiffs are entitled to an order of mandate requiring said defendant to and perform said official acts."

. . .

Appellant's contention is that Section 2, of Ch. 317, p. 1532 of the Acts of 1935, upon which appellees base their right to compel appellant to accept the improvement bond in payment of the assessment upon their lots, is invalid for the reason that it violates both the State and Federal constitutional prohibition against impairment of the obligation of contracts. (Article 1, Sec. 10 of the Constitution of the United States; Article 1, Sec. 24 of the Constitution of Indiana.)

By the terms of the Barrett Law under which the appellees' bond was issued the entire issue of bonds was secured by the aggregate of all assessments which were made on account of the improvement. The provisions of the statute is as follows:[1]

"All bonds hereafter issued in anticipation of assessments made on account of public improvements, in cases where the property-owners affected shall have elected to pay the cost of such improvements in installments as now provided by law, shall be issued in anticipation of the aggregate amount of such assessments for each particular improvement and not against the individual assessment of each property-owner so electing to pay in installments."

The Barrett Law contemplated payment of assessments in cash and the collecting official had no authority to accept any thing but cash from a property owner in payment of the assessment upon his property. Such payments constitute a fund to be held in trust for the benefit of all bondholders. The only way for a property owner to discharge the lien of the assessment against his property was to pay into the fund the amount of the assessment, and by operation of law the lien of all the bonds was *pro tanto* transferred to the funds.

Appellant contends that Section 2 of Ch. 317 of the Acts of 1935, upon which appellees rely, materially modifies the foregoing rights of bondholders. The gist of appellant's contention is contained in the following excerpt from his brief:

"First, it requires the appellant to accept bonds in payment of assessments instead of cash, in some instances. This certainly lessens the value of the contract, as to the discharge of it. Second, it requires appellant to apply a particular payment or installment of assessment upon one particular bond, to the exclusion of the rights of all other bondholders. In other words it changes the lien of the bonds from a

1. §48-2713 Burns 1933 Ind. Statutes Annotated, §12529 Baldwin's Ind. St. 1934.

lien upon the *aggregate* of all assessments, and gives certain bondholders who happen to own property assessed an *individual* lien upon their own assessment. Appellant submits that in the light of the case cited above, Section 2, Chapter 317, Acts of 1935 is clearly unconstitutional as impairing the obligation of contracts."

The pertinent provisions of Chapter 317 of the Acts of 1935 are as follows:

"Any property owner whose real estate is encumbered by an assessment may pay any installment of said assessment which has become due by surrendering to the officer whose duty it is to collect such assessment any bond, or bonds or coupons issued for the same improvement for which said real estate has been assessed, which are due in the same year as the assessment or assessments are due, provided that if said bond or bonds, or coupons are surrendered in payment of a delinquent assessment it shall be done before the sale of said property by the auditor and/or treasurer, as now prescribed by law, and such bond or bonds, or coupons shall be accepted at par in full settlement of the assessment for the year in which said assessment was due, and no penalty shall be charged on such assessment paid with such bonds or coupons and provided that any property owner whose real estate may be encumbered by any assessment for public improvements, whether due or not, may pay any installment or installments of said assessment by surrendering to the officer whose duty it is to collect any such assessment, any bond, or bonds or coupons issued for the same improvement for which said real estate has been assessed, which are due in the same year as the assessment or assessments are due, with bonds and coupons maturing in the same year: PROVIDED, HOWEVER, That if said bond or coupons so tendered in payment of said assessment shall amount to more than the amount of said assessment or assessments, then in that event said collecting officer shall endorse the amount of said installment upon said bonds and/or coupons as a credit, and the same to such property owner, excepting in cities of the first class said bonds, and/or coupons shall not be returned to said property owner

by said collecting officer, but shall be transmitted to the city controller of said city in order that he may enter a proper credit upon his books. After such credit has been entered said bonds shall be returned to said property owner. In case said bonds and/or coupons shall be less than the amount of said assessments said property owner shall pay the balance of said installment of assessment, or assessments, so due in cash, but in no case shall he be entitled to a credit on his bonds or coupons until he shall have paid or tendered the balance of said assessment in cash. Whenever any bonds are received by any collecting officer under the provisions of this act said officer shall make an entry upon the proper books of his office showing specifically that said assessment was paid by bonds, and/or coupons, or partly by bonds and partly in cash, and the receipt issued by said collecting officer to said property owner shall likewise show that said assessment was paid by bonds, and/or coupons, or partly in bonds, and/or coupons, and partly in cash."

Appellee's point is succinctly stated as follows:

"In this case, if we adopt the construction of the word 'due,' so that it means maturing accordingly to the face thereof, then the statute is unconstitutional, but it is just as tenable to hold that the legislature means that bonds, the payment of which was due from the Treasurer, might be used to pay assessments, under which latter construction the act would be constitutional. In view of the doctrine above stated, it would seem that the Court should interpret the statute to mean simply that bonds which should next be paid by the Treasurer, all earlier bonds having been paid, might be used to pay assessments."

In view of the foregoing appellees insist that a case is presented to us for the application of the general rule that "If a statute is capable of two meanings, one of which would harmonize with the constitution, the other of which would be in conflict therewith, it is the imperative duty of the courts to adopt that meaning which is in harmony with the constitution and so uphold the statute." The rule relied

upon by appellees has no application when it is perfectly clear what the meaning of the word is and when that meaning is the reasonable meaning. It seems clear that in the absence of some special indication of an intention to employ a different meaning for the word "due," when used in connection with an obligation to pay, we must assume that it means that the legal right to claim the discharge of the obligation is complete as far as respects the element of time. We find the word "due" used later on in Section 2 in the following statement:

> "Such payments shall be made to such bondholder upon demand notwithstanding the fact that a part of such bonds may not yet be due."

As pointed out by appellant, the word "due" as used in the foregoing sentence must have its usual meaning of "matured." The word "due" is also used to refer to assessments in different parts of the section and it seems clear that when it is used in reference to assessments it must be used in the sense of *matured*.

Appellant further points out that even if appellees' contention that "due" should be construed as describing the situation under which the treasurer "must pay the bond, all earlier bonds having been paid, is correct, the statute would still be unconstitutional because it would still give the bondholder who happens to own property assessed a specific lien upon his own assessment, to the exclusion of other bondholders of the same series of bonds." It seems that appellant must be correct when he insists that even if construed as appellees contend, the statute in question would change the lien from a lien upon the aggregate of assessments to a specific lien upon one assessment, in the case of one who owns bonds upon assessments against his own property.

Appellant cites and calls special attention to the recent Wisconsin case of *Re Cranberry Creek Drainage District* (1930), 202 Wis. 64, 231 N. W. 588, 85 A. L. R.

242. As disclosed by the facts in that case a drainage district issued bonds in 1907 to provide funds for construction of a drainage system therein, in anticipation of the collection of the several installments of a special assessment against the benefited lands of the district. In 1927 the legislature passed the following statute:

"89-376—Assessments paid in district securities. Any landowner in a drainage district owning a bond, note, or past-due interest coupon of said district, may offer the same to the town or county treasurer in payment of drainage taxes on specified lands in said district, and said town or county treasurer shall accept such bond, note or past-due coupon at its face value, plus accrued interest at the time of presentation in payment of such taxes. Such bonds, notes or coupons shall be received by the drainage district treasurer from the town or county as cash, and the drainage district treasurer shall credit the specified lands with the same. The excess, if there be any, of the bond, note or coupon over the amount of due and past-due drainage taxes shall be credited against future assessments against said lands."

The Wisconsin Supreme Court held that the statute was unconstitutional as impairing the obligation of the bond contracts, and discloses its views in the following excerpts from its opinion:

"Several general propositions are, however, settled so as to require in new cases merely their application. First and most primary among these is that an act which *in any degree, no matter how slightly,* modifies the obligation of the contract by attempting to relieve the one party from any duty by the contract assumed, is repugnant to the constitutional prohibition." (Our italics.)

The court also says:

"There is no misunderstanding about the source to which the bondholders must look for the payment of their securities. The bond constitutes a lien upon the assessments. Any legislation which changes the source or affects the distribution and

allotment of the avails of the assessment impairs the obligation of the bonds whereby the several installments of special assessments are pledged for the benefit of all of the bondholders, and whereby a proper disbursement of the proceeds is specially pledged to all bondholders."

The reasoning and conclusion of the Wisconsin Supreme Court are in harmony with the reasoning and conclusion of this court in the case of *City of Indianapolis* v. *Robison*[2] which involved the question of the constitutionality of a statute which changed the method of handling the prepayments of assessments. The opinion in the Robison case contains the following:

"It is settled in this state, and so conceded by appellants that: 'The law, under which the contract was executed, is to be and remain the only rule by which the contract shall be construed. The obligation shall not be increased, nor the rights diminished, by any act of future legislation.' (Citing cases.)

"A fair statement of the rule applicable to this class of cases as established by the authorities, is that any change of the law embodied in the contract, as here, which will substantially postpone, obstruct or retard its enforcement, or lessen its value, whether the change relates to its validity, construction, duration or discharge, impairs its obligation."

The court further says, p. 669:

"So in the case at bar when appellees and others for whom he sues purchased the bonds they obtained a contract not secured by a fund in the city treasury, or to be invested by the city as a trustee, but a contract which gave them a lien upon lots or parcels of land, or the return to them of their money when paid in, be that at or before maturity of their bonds. Upon a careful consideration of the issues and evidence before us, we are convinced that the act of 1915, *supra*, added substantial, additional terms, risks and delay in settlement of the contracts not contemplated when they were origi-

---

2. (1917), 186 Ind. 660, 663, 117 N. E. 861.

nally executed. Clearly, then, this amendatory act, as applied to the contracts now in suit as well as all others of like kind and character executed prior to the time it became a law, was in violation of §10, Art. 1, of the Constitution of the United States, and of §24, Art. 1, of the Constitution of Indiana."

We conclude that appellant's construction of the effect of Sec. 2 of Ch. 317 of the Acts of 1935 is correct in so far as it is applicable to the issuance of public improvement bonds involved in this case and to that extent Sec. 2 of Ch. 317 of the Acts of 1935 must be held to be invalid.

Appellee insists that appellant, Conter, as Treasurer of Lake County, is not entitled to raise the constitutional question as a defense in the instant action of mandate. This question was decided adversely to appellee's contention in the case of *State ex rel. Test* v. *Steinwedel et al.*[3] (See discussion and cases cited in *State ex rel. Test* v. *Steinwedel,* pages 461-466.)

The court erred in overruling appellant's demurrer to appellee's complaint.

Judgment of the Lake Superior Court, Room 3, is reversed and the cause remanded with instructions to that court to sustain appellant's demurrer to appellee's complaint.

---

3. (1931), 203 Ind. 457, 180 N. E. 865.